```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
LEIGH BEIRLEY, et al.,            )
                                  )
                Plaintiffs,       )
                                  )
           v.                     )       1:25CV589
                                  )
GUILFORD COUNTY DEPARTMENT OF     )
SOCIAL SERVICES, et al.,          )
                                  )
                Defendants.       )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff Leigh Beirley's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1 (the "Application")), submitted in conjunction with a document entitled "Verified Complaint" (Docket Entry 2 (the "Complaint") at 1 (bold font omitted)), signed and filed pro se by Plaintiff Leigh Beirley (see id. at 2).[1] The Court

---

[1] "Verification is a term for a signed, written statement in which a party attests under oath to the truth and accuracy of its submission before a Notary Public, and notarized." Johnson v. West Virginia Univ. Bd. of Governors, No. 2:21CV380, 2023 WL 2486952, at *2 n.1 (S.D. W. Va. Feb. 13, 2023) (unpublished). Plaintiff Leigh Beirley's signature on the Complaint lacks any such notarization. (See Docket Entry 2 at 2.) Federal law nonetheless deems unsworn complaints verified when "subscribed . . . as true under penalty of perjury," 28 U.S.C. § 1746; however, the Complaint's "Verification" states only that Plaintiff Leigh Beirley "verif[ied] that the above facts [we]re true and correct to the best of [her] knowledge" (Docket Entry 2 at 2 (all-caps font omitted)), without acknowledging the applicability of perjury penalties (see id.). Accordingly, the Complaint "does not comply with the requirements for verification set forth in 28 U.S.C. § 1746." Evans v. Slagle, No. 1:23CV26, 2025 WL 374945, at *1 n.3 (W.D.N.C. Feb. 3, 2025) (unpublished). "As such, the Court will consider the Complaint to be unverified." Id.

will grant the Application for the limited purpose of recommending dismissal of this action as frivolous (due to the lack of subject matter jurisdiction) under 28 U.S.C. § 1915(e)(2)(B)(i).

INTRODUCTION

The Complaint identifies six Plaintiffs, three – presumably adults – by name (i.e., Plaintiffs Leigh Beirley, Stefanie Beirley, and Madison Beirley) and three – presumably minors – by initials (i.e., K.B., S.B., and E.B.). (See Docket Entry 2 at 1; see also id. (describing "Plaintiffs" – presumably adult Plaintiffs identified by name – as "legal guardians and caretakers of minor children" – presumably Plaintiffs identified by initials).) According to the Complaint, Plaintiffs seek relief, "pursuant to 42 U.S.C. [§] 1983, [for] violations of Plaintiffs [sic] rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution." (Id.) As Defendants, the Complaint lists the Guilford County Department of Social Services ("Guilford County DSS") and two of its employees, a "Supervisor" and a "Caseworker." (Id.) The Complaint predicates Plaintiffs' federal constitutional claims against Defendants on the allegation that "Defendants have made threats of child removal despite no findings of abuse, neglect, or dependency" (id.) and despite the "[c]hildren receiv[ing] regular medical care, medication, food, and reside[nce] in a safe, clean home" (id.). For relief, the Complaint requests (A) "[a]n immediate TRO to prevent removal" (id.; see also id. at

2

2 ("mov[ing] for an emergency Temporary Restraining Order to prevent Guilford County DSS from removing minor children without due process" but alleging no additional supporting facts), 3 (stating, without factual development, that "Plaintiffs seek emergency relief due to threats by government agents to violate federally protected rights")), (B) "[a] permanent injunction against unlawful DSS practices" (id. at 1; see also id. at 3 ("Courts have long upheld the fundamental right to family unity. Any action to remove children without imminent harm or judicial process is unconstitutional under the Fourteenth Amendment. Plaintiffs respectfully request a temporary and permanent injunction.")), and (C) "[d]amages, attorney fees, and all other appropriate relief" (id. at 2). The Court (per Chief United States District Judge Catherine C. Eagles) previously denied the requested TRO. (See Text Order dated July 11, 2025.)

## DISCUSSION

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at Section 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to

3

balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . (i) is frivolous . . . ."  28 U.S.C. § 1915(e)(2)(B).  As to that ground for dismissal, the United States Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition."  (internal quotation marks omitted)).

To begin the required analysis under Section 1915(e)(2)(B)(i), the Court should take note that (as documented in the Introduction) Plaintiff Leigh Beirley – as the lone signatory to the Complaint and while proceeding pro se – has instituted this action on behalf of herself, as well as two (apparent) adults and three (apparent) minors.  "An individual unquestionably has the right to litigate h[er] *own* claims in federal court . . . .  The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*."  Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original).  Consistent with that principle, "[t]he [Federal R]ules [of Civil Procedure] do not permit an individual to be represented by someone other than an

4

attorney, and <u>all papers filed on behalf of an unrepresented individual must be signed by that person</u>." <u>Braxton v. Jackson</u>, Civ. Action No. 18-1946, 2020 WL 6889257, at *2 (D. Md. Nov. 24, 2020) (unpublished) (emphasis added) (citing Fed. R. Civ. P. 11(a)); <u>accord, e.g.</u>, <u>Mickens v. Clear</u>, No. 7:19CV52, 2019 WL 4576277, at *1 (W.D. Va. Sept. 20, 2019) (unpublished); <u>Crangle v. West Virginia</u>, No. 2:15CV14564, 2016 WL 5339604, at *4 (S.D. W. Va. Aug. 26, 2016) (unpublished), <u>recommendation adopted</u>, 2016 WL 5339587 (S.D. W. Va. Sept. 21, 2016) (unpublished); <u>Rowl v. Smith Debnam Narron Wyche Saintsing & Myers, LLP</u>, No. 3:07CV491, 2009 WL 187575, at *1 n.1 (W.D.N.C. Jan. 23, 2009) (unpublished), <u>aff'd</u>, 566 F. App'x 264 (4th Cir. 2014). "At present, [therefore], the [Complaint] can only be considered as [it] relate[s] to [Plaintiff Leigh Beirley]." <u>Braxton</u>, 2020 WL 6889257, at *2.[2]

So considered, this action may not proceed in light of "[t]he doctrine of ripeness [that] arises from the case or controversy requirement of Article III," <u>Whitaker v. Monroe Staffing Servs.</u>,

---

[2] That conclusion would not change even if the Court treated Plaintiff Leigh Beirley as the parent of any of the minor Plaintiffs, as the United States Court of Appeals for the Fourth Circuit has "join[ed] the vast majority of [its] sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court." <u>Myers</u>, 418 F.3d at 401; <u>see also</u> <u>id.</u> at 401 n.7 ("[T]he Second and Fifth Circuits [have] allowed non-attorney parents to represent minor children pro se in appeals from the denial of [Social Security] benefits . . . . [I]f, in the appropriate case, we were to adopt th[ose] holdings of [the Second and Fifth Circuits], we . . . would have no trouble limiting that rule to the unique facts involved in a[ Social Security benefits] appeal.").

5

LLC, 42 F.4th 200, 206 (4th Cir. 2022), as the Complaint does not allege any injury (or concrete prospect of injury) to Plaintiff Leigh Beirley, but instead alleges only that "Defendants have made threats of child removal despite no findings of abuse, neglect, or dependency" (Docket Entry 2 at 1). "A case is not ripe for judicial determination 'if the plaintiff has not yet suffered injury and any future impact remains wholly speculative.'" Whitaker, 42 F.4th at 206 (quoting Doe v. Virginia Dep't of State Police, 713 F.3d 745, 758 (4th Cir. 2013)); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (explaining that first element of "irreducible constitutional minimum of standing" requires that "the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical" (internal citation and some quotation marks omitted)); Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968) ("The burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist."). Here, the Complaint makes clear that Defendants have not yet removed any minor children from Plaintiff Leigh Beirley's custody and offers no factual foundation for the Court reasonably to infer (rather than merely to speculate) that Defendants imminently will undertake any such removal (much less that they will do so before the issuance of proper administrative findings). (See Docket Entry 2 at 1-3.)

6

Moreover, "[b]ecause ripeness is a Constitutional limitation on federal court jurisdiction, ripeness presents [a] threshold question," Whitaker, 42 F.4th at 206, and the Court must "assure that such jurisdictional requirements are met," id. Put another way, the Court possesses "an independent obligation to determine whether subject-matter jurisdiction exists," Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010), and, to that end, "[a]s part of th[e] frivolity review under § 1915(e)(2), the Court may consider whether it has subject matter jurisdiction," Gateway Plaza Greensboro, LLC v. Spigner, No. 1:22CV1047, 2022 WL 22839643, at *1 (M.D.N.C. Dec. 29, 2022) (unpublished) (Peake, M.J.), recommendation adopted, slip op. (M.D.N.C. Jan. 30, 2023) (Eagles, J.); accord, e.g., Glenn v. Glenn, No. 1:21CV510, 2021 WL 12157701, at *2 (M.D.N.C. Dec. 16, 2021) (unpublished) (Webster, M.J.), recommendation adopted, 2022 WL 21828633 (M.D.N.C. Jan. 11, 2022) (unpublished) (Biggs, J.). To sum up, "[a]n in forma pauperis complaint that fails to establish subject matter jurisdiction lacks an arguable basis in law, and therefore may be dismissed sua sponte." Hill v. United States, No. 1:12CV92, 2013 WL 1192312, at *4 n.5 (N.D. W. Va. Mar. 22, 2013) (unpublished); see also Utley v. Utley-Frye, No. 5:23CV14, 2023 WL 3775069, at *3 (W.D. Va. June 2, 2023) (unpublished) ("[T]he complaint does not establish subject matter jurisdiction. In the absence of such jurisdiction, the complaint lacks an arguable basis in law and therefore fails as frivolous." (internal brackets,

7

ellipsis, and quotation marks omitted)), recommendation adopted, slip op. (W.D. Va. Oct. 24, 2023).

In this instance, "considering all [the Complaint's] well-plead[ed] factual allegations in the light most favorable to [Plaintiff Leigh Beirley], the Court [should] conclude[] that [this action] must be dismissed for lack of jurisdiction because [her claims] are not yet ripe." J.R. Tharpe Trucking Co., Inc. v. Prince William Cnty., No. 3:24CV422, 2025 WL 817866, at *9 (E.D. Va. Mar. 14, 2025) (unpublished); see also Johnston v. Lamone, 801 F. App'x 116, 123 n.4 (4th Cir. 2020) ("[W]hen a court dismisses a claim on ripeness grounds, that dismissal generally is without prejudice.").[3]

---

[3] Should Plaintiff Leigh Beirley contemplate commencing any future action pertaining to these matters (if/when a Section 1983 claim of hers becomes ripe), she should understand that she likely could not obtain the relief the Complaint requests (particularly not against Defendants named in the Complaint) for several reasons. First, Guilford County DSS does not constitute a defendant subject to suit. See, e.g., Dial v. Robeson Cnty., No. 1:20CV1135, 2021 WL 4460320, at *4 (M.D.N.C. Sept. 29, 2021) (unpublished) (Osteen, J.); Hester v. Colvin, No. 1:16CV410, 2017 WL 375656, at *3 (M.D.N.C. Jan. 26, 2017) (unpublished) (Webster, M.J.), recommendation adopted, slip op. (M.D.N.C. Apr. 5, 2017) (Tilley, S.J.); see also Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987) (observing that, for liability under Section 1983 to attach to any governmental entity that could constitute a defendant subject to suit, "it must be shown that the actions of [that entity's employee(s)] were unconstitutional and were taken pursuant to a custom or policy of the entity"). Second, "the Fourth Circuit has held that social workers and child protective service workers are immune from liability when they are engaged in activities that could be deemed prosecutorial. . . . Prosecutorial activities include preparing and filing a removal petition . . . ." Pratt v. Allbritton, No. 4:16CV198, 2018 WL
(continued...)

CONCLUSION

This action may not proceed on account of its unripeness.

**IT IS THEREFORE ORDERED** that the Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Complaint (Docket Entry 2) be dismissed without prejudice as frivolous (due to a lack of subject matter jurisdiction) under 28 U.S.C. § 1915(e)(2)(B)(i).

                                                /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                              **United States Magistrate Judge**

July 14, 2025

---

[3](...continued)
4610151, at *8 (E.D.N.C. Aug. 8, 2018) (unpublished) (internal ellipsis and quotation marks omitted), recommendation adopted, 2018 WL 4604522 (E.D.N.C. Sept. 21, 2018) (unpublished), aff'd, 764 F. App'x 343 (4th Cir. 2019). Third, the Complaint's demand for an "injunction against unlawful DSS practices" (Docket Entry 2 at 1) appears far too vague. See, e.g., Fed. R. Civ. P. 65(d)(1) (requiring, inter alia, that order granting injunctive relief must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required"); Schmidt v. Lessard, 414 U.S. 473, 476 (1974) (explaining that said rule requirements exist "to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood").